IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: APPLICATION OF ) | |
| ) | Case No. 8:08CV155 |
| PAYSYSTEMS CORPORATION. ) | |

**MEMORANDUM AND ORDER**

**GRANTING APPLICATION FOR ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782**

On March 13, 2008, a Letter of Request for International Judicial Assistance ("Letter Rogatory") was issued by the Honourable Justice A. Derek Guthrie in *PaySystems Corporation v. BBG Communications, Inc., et al.*, Case No. 500-17-021325-041, a case currently pending in the Superior Court of Quebec, District of Montreal, Canada ("Canadian Action"). The defendants in the Canadian Action are American corporations. The Letter Rogatory (Filing 3, Ex. A) sets forth the basis for the Canadian court's request for assistance and discovery from First National Bank of Omaha ("First National") relating to defendant BBG, and requests both (1) production of documents relating to BBG, and (2) deposition testimony from a First National representative most knowledgeable about BBG. First National is not a party to the Canadian Action.

Accordingly, PaySystems Corporation ("PaySystems") requests an order permitting it to issue a subpoena instructing First National to produce documents and provide a representative to appear for a deposition in Omaha, Nebraska pursuant to the Letter Rogatory. The court has reviewed the Application, supporting brief, evidence index, and supplemental information filed by PaySystems. No response was filed in opposition to the Application, and the court finds that the Application should be granted.

Pursuant to 28 U.S.C. § 1782(a),

**IT IS ORDERED** that the Application (Filing No. 1) of PaySystems Corporation for an order permitting the issuance of a subpoena for personal appearance and production of records to deponent First National Bank of Omaha pursuant to a Letter of Request for International Judicial Assistance is granted, as follows:

(1)   PaySystems is hereby authorized to issue a subpoena to First National Bank of Omaha pursuant to Fed. R. Civ. P. 45:

(a)   commanding the appearance of the person most knowledgeable at First National regarding BBG to testify at the taking of a deposition in Omaha, Nebraska to be conducted on or before May 30, 2008, by Canadian counsel and subject to 14 days notice to all parties to the Canadian Action as directed by the Letter Rogatory; and

(b)   compelling First National to produce at the deposition and permit for inspection and copying the following documents:

Any and all written documents, e-mails or information stored on any type of support related to BBG Communications, Inc. for the years 2001, 2002, 2003, 2004 and 2005 including but not limited to:

- volumes and number of transactions;
- volumes and number of credits or refunds;
- volumes and number of chargebacks;
- volumes and number of rejects or rejected transactions;
- chargeback reasons or reason codes;
- chargeback ratios or levels;

· volume variation, manipulation or shuffling;

· violations of credit card organizations' rules and regulations; and

· fines, penalties or fees.

(2)   PaySystems is further authorized to issue subpoenas for the production of additional documents and the taking of additional depositions as PaySystems may reasonably deem appropriate based upon review of documents produced and depositions given by First National.

(3)   **Andrew G. Davis**, an attorney admitted to practice in the State of Nebraska and the United States District Court for the District of Nebraska, is hereby given leave to issue, sign and serve the subpoena upon First National pursuant to Fed. R. Civ. P. 45. **Johnna Piper** of Merrill Legal Solutions or, in the event of her unavailability, another certified reporter from Merrill Legal Solutions is appointed as Commissioner in this matter.

(4)   The examination of the witness shall be conducted by Canadian counsel for the parties.

(5)   Objections made, if any, by the parties in the litigation shall be taken under reserve, thereby allowing the witnesses to answer under reserve of an objection, and the objections shall be ultimately decided by the Superior Court of Quebec.

(6)   Canadian counsel for the parties may request that the witnesses provide undertakings pursuant to the examinations, consisting of information and/or documents not available during the examinations but which may be obtained at a later date by the witnesses or representatives of First National and such information shall be communicated to Canadian counsel for the parties after the deposition in compliance with this Order.

(7) The Commissioner may be paid a reasonable fee for services, and the deposition shall be transcribed by a duly authorized court reporter.

(8) All documents produced and marked for identification at the deposition shall be included in the final sealed original transcript of the deposition.

(9) The Commissioner shall return to the Clerk of the Superior Court of Quebec by registered or certified mail, within thirty (30) days of the examination, a certificate endorsed upon the Commission attesting that the Commissioner has carried out his/her duties as set forth in the minutes which he/she attaches and to which are attached the written depositions of the witnesses and exhibits, the whole of which must be placed in a sealed envelope or package that is labeled with the title of the action and indicates the contents thereof and sent to the Clerk of the Court at the following address:

> The Clerk
> Superior Court of Quebec
> Montreal Court House
> 1, Notre-Dame Street East
> Montreal, Quebec, Canada H2Y 1B6

(10) A note of the charges and expenses payable in respect of the execution of this request shall be sent to the Clerk of the Court of the Superior Court of Quebec.

(11) The examination of witnesses shall be completed or before May 30, 2008 with a minimum of fourteen (14) days' notice of the date, place, and time of the examinations.

DATED this 30th day of April, 2008.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge