◎AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

District of Nebraska

| PAYSYSTEMS CORPORATION | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| BBG COMMUNICATIONS, INC. and related actions | Case Number:[1]  8:08CV155 |

TO:  FIRST NATIONAL BANK OF OMAHA
1620 Dodge Street
Omaha, NE 68197

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  LIEBEN, WHITTED, HOUGHTON, SLOWIACZEK & CAVANAGH, P.C., L.L.O. 2027 Dodge Street, Suite 100 Omaha, NE 68102 | DATE AND TIME  5/21/2008 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT #1

| PLACE  LIEBEN, WHITTED, HOUGHTON, SLOWIACZEK & CAVANAGH, P.C., L.L.O. 2027 Dodge Street, Suite 100 Omaha, NE 68102 | DATE AND TIME  5/20/2008 11:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  Attorney for Plaintiff PaySystems Corporation | 5/1/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Andrew G. Davis, Esq.  LIEBEN, WHITTED, HOUGHTON, SLOWIACZEK & CAVANAGH, P.C., L.L.O.
2027 Dodge Street, Suite 100 Omaha, NE 68102  (402) 344-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

DATE: 5/2/08   PLACE: First National Tower 1601 Dodge St. Omaha, NE

SERVED: Linda Brunz

SERVED ON (PRINT NAME): Personal

MANNER OF SERVICE:

SERVED BY (PRINT NAME): Nathan Dyke

TITLE: Account Manager

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5/2/08
DATE

SIGNATURE OF SERVER: Nathan Dyke

ADDRESS OF SERVER: 222 S. 15th St. Suite 1003 Omaha, NE 68102

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT 1 TO SUBPOENA

PLEASE TAKE NOTICE that deponent First National Bank of Omaha is not a natural person. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, First National Bank shall designate and produce at the deposition those of its officers, directors, managing agents, employees or agents who are most qualified to testify on its behalf regarding the following subject matters:

## DEFINITIONS

1. "YOU," "YOUR" and "FNB" refers to and means deponent First National Bank of Omaha, and, where appropriate in the context, any of its parents, subsidiaries, affiliates, owners, officers, directors, employees, agents, representatives, attorneys, investigators, and any other persons acting on their behalves.

2. "BBG" shall mean and refer to Defendant BBG Communications, Inc. and where appropriate in the context, any of its employees, agents, representatives, attorneys, investigators, and any other persons acting on its behalf.

3. "RDI" shall mean and refer to Defendant Retail Decisions, Inc. and, where appropriate in the context, any of its employees, agents, representatives, attorneys, investigators, and any other persons acting on its behalf.

4. "PERSON" and "PERSONS" shall mean and include individuals, trusts, firms, partnerships, corporations, associations, other business enterprises, and any governmental entities.

1

5. "DOCUMENT" and "DOCUMENTS" refer to and mean electronic media, including pixels and Internet, handwriting, typewriting, printing, photocopying, photographing, electronic transmission and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combination thereof. All demands herein for DOCUMENTS include all originals, duplicates, other copies of any nature, prior drafts, and all other forms of the items demanded.

6. "COMMUNICATIONS" shall mean and refer to any transfer of words or other information, whether in writing, orally, electronically, or by any other means.

## SUBJECT MATTERS

The business relationship between FNB and Defendant BBG and the payment processing and acquiring services rendered by FNB to Defendant BBG (including, but not limited to, BBG's processing history including volumes and number of transactions, of credits and chargebacks, chargeback levels or ratios, manipulation of volumes of transactions, violations of credit card organizations' rules and regulations, warnings and fines issued, announced, imposed to and/or levied against BBG and any other matters relating to the business relationship with BBG for the processing of payments of credit card transactions for and on behalf of BBG).

PLEASE TAKE FURTHER NOTICE that Deponent FNB shall produce the following DOCUMENTS prior to the deposition at the date, time and place set forth in the subpoena:

2

Any and all written DOCUMENTS, e-mails or information stored on any type of support, for the years 2003 and 2004, related to VISA:

1. BBG's volumes and number of transactions, credits, chargebacks and rejects;

2. BBG's chargeback reasons or reason codes;

3. BBG's chargeback ratios or levels;

4. Notices issued by VISA and MasterCard relating to volume manipulation, shuffling or variation related to BBG;

5. Violations of credit card organizations' rules and regulations related to BBG;

6. Fines or penalties issued, announced, imposed, levied or waived.

269780

3